■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM JOHNSON, Appellant.— Judgment of the County Court, Dutchess County, rendered June 10, 1970, modified, on the law and the facts, by reducing so much of the conviction as was for grand larceny in the third degree to petit larceny, leaving standing the sentence upon said larceny count, an unconditional discharge. As so modified, judgment affirmed. Order of the same court dated May 12, 1970, which denied appellant's motion to suppress seized evidence and oral statements, affirmed. In our opinion, the proof did not justify a conclusion that the value of the stolen articles exceeded $250. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES ROSE, Appellant.— Judgment of the County Court, Dutchess County, rendered June 10, 1970, modified, on the law and the facts, by reducing so much of the conviction as was for grand larceny in the third degree to petit larceny and by reducing the sentence upon said larceny count from one of not more than 4 years to an unconditional discharge. As so modified, judgment affirmed. Order of the same court dated May 12, 1970, which denied appellant's motion to suppress seized evidence and oral statements, affirmed. In our opinion, the proof did not justify a conclusion that the value of the stolen articles exceeded $250. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRIET ALTMAN JACOBS, Respondent, v. ROY JACOBS, Appellant.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County, entered September 27, 1971, which *inter alia* awarded custody of the child in question to relator. Judgment affirmed, without costs; however, operation and execution of the decretal provision awarding custody of the child to relator is stayed until the termination of the child's current school semester, which terminates at or about the end of January, 1972. In our opinion the Special Term's determination as to custody is supported by the record; however, the interests of the child would best be served by staying the operation of the custody provision, so as not to effect an undue interruption of his schooling. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.